**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**IN RE LORAZEPAM & CLORAZEPATE**
**ANTITRUST LITIGATION**


**This document relates to:**
| | |
|---|---|
| **HEALTH CARE SERVICE CORPORATION,** | **MDL No. 1290** |
| **Plaintiff,** | **Misc. No. 99-276 (TFH/JMF)** |
| | |
| **v.** | **Case No. 01-2646 (TFH/JMF)** |
| | |
| **MYLAN LABORATORIES, INC.,** *et al.*, | |
| **Defendants,** | |
| | |
| **-and-** | |
| | |
| **BLUE CROSS BLUE SHIELD OF** | |
| **MINNESOTA,** *et al.*, | |
| **Plaintiffs,** | |
| | |
| **v.** | **Case No. 02-1299 (TFH/JMF)** |
| | |
| **MYLAN LABORATORIES, INC.,** *et al.*, | |
| **Defendants.** | |

**MEMORANDUM ORDER**

In my Memorandum Opinion dated April 22, 2005, I concluded that the Blues had failed

to establish that exhibits numbered 11026, 11027, and 11028 were business records because the

only evidence pertaining to them is the testimony of Milan Puskar that he did not know how the

documents came into Mylan's possession.

In a recent telephone status call with chambers, the Blues insisted that Mylan should be

required to produce a corporate representative who will testify that the documents were in

Mylan's possession, at which point the Blues will ask the jury to infer that Mylan was monitoring

its competitors' prices.  I am afraid, however, that merely knowing that the documents were in

Mylan's files does not render them admissible as business records.  Even with testimony that the documents were in Mylan's files, the Blues have still not established that the documents, that are neither on letterhead[1] nor some other objectively identifiable source, were kept by someone in the ordinary course of business.  The presence of the documents in Mylan's files cannot possibly establish how the documents came into existence in the first place, and without anything whatsoever about their genesis and creation it is impossible to ascertain that the document was created in the course of a regularly conducted business.

The Blues could have ascertained how the documents came into existence by interviewing people at Watson, if that is where they thought the documents were created.  They did not do so and there is nothing on the face of the documents that identifies their origin or creator.  The documents are significant only if they are actually Watson's prices.  The mere statement by some unknown person, on the document itself, that they are Watson's prices is the rankest hearsay.

Therefore, the Blues' oral motion for reconsideration as to the above described issue is **DENIED.**

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated:

_____

[1] Mylan does not object to the one document that is on Watson's letterhead, identified as "MYL-3-0003302."