# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE LORAZEPAM & CLORAZEPATE ANTITRUST LITIGATION | |
| **This document relates to:** | |
| **HEALTH CARE SERVICE CORPORATION,** | MDL No. 1290 |
| Plaintiff, | Misc. No. 99-276 (TFH/JMF) |
| v. | Case No. 01-2646 (TFH/JMF) |
| **MYLAN LABORATORIES, INC.,** *et al.*, Defendants, | |
| -and- | |
| **BLUE CROSS BLUE SHIELD OF MINNESOTA,** *et al.*, Plaintiffs, | |
| v. | Case No. 02-1299 (TFH/JMF) |
| **MYLAN LABORATORIES, INC.,** *et al.*, Defendants. | |

## MEMORANDUM ORDER

By my Order of March 10, 2004, I recommended to the Chief Judge that he hold the plaintiffs[1] in contempt for their failure to comply with that portion of my Order of December 23, 2003[2] that required them to produce certain exemplar contracts. I then stated: "The offending Blues give me no choice but to recommend to the Chief Judge that they pay that portion of legal

---

[1] Plaintiffs are Health Care Services Corporation, Blue Cross Blue Shield of Minnesota and Blue Cross Blue Shield of Massachusetts. They are collectively called "the Blues." Defendants are Mylan Laboratories, Inc. and Mylan Pharmaceuticals, Inc., called collectively "Mylan."

[2] In re Lorazepam & Clorazepate Antitrust Litigation, 219 F.R.D. 12 (D.D.C. 2003).

fees attributable to Mylan's having to move for contempt . . ." Order of March 10, 1994 at 9. The Chief Judge declined to hold anyone in contempt but "ordered the offending Plaintiffs to pay to Mylan that portion of reasonable legal fees and costs attributable to Mylan's having to move for contempt." Order of March 25, 2004 at 1.

Mylan has now filed a fee petition seeking $56,521.50 in accordance with that order but the Blues protest that it is excessive. They point out that Mylan is seeking to be compensated for time spent preparing the Motion to Compel[3] that I granted by my Order of December 23, 2003 whereas my Order and the Chief Judge's Order spoke only of paying the fees attributable to Mylan's moving for contempt.

The Blues are right. Time spent before I issued the Order that the Blues disobeyed cannot possibly have been spent in moving for contempt; there could be no application for contempt until I first ruled on the Motion to Compel, ordered relief, and the Blues disobeyed my Order. I will therefore not allow any time before December 23, 2003, when I granted the Motion to Compel.

When I then examine the remaining entries on Attachment A to the affidavit of Mylan's counsel,[4] I first note that an associate named Kristen Limarzi billed 3.9 hours to "[p]repare

---

[3] The full title of that document is Mylan's Motion for Contempt and Sanctions and to Compel Plaintiffs and Motion for Expedited Consideration. The attorneys also worked on two other documents that were submitted in the phase of the briefing dealing with the Motion to Compel: 1) Reply in Support of Mylan's Motion for Contempt and Sanctions and to Compel Plaintiffs and 2) Defendants Mylan Laboratories, Inc. and Mylan Pharamacuticals, Inc.'s Motion to Compel Plaintiffs' Production of Documents and Responses to Interrogatories. Mylan seeks compensation for the preparation of these three documents.

[4] I.e., Affidavit of Peter M. Todaro in Support of Mylan's Claim for Attorneys' Fees and Costs.

Motions and Exhibits for Filing" the Motion for Contempt and .7 hours for "prepar[ing] Reply Brief and Exhibits for Filing." She used her billing rate of $230. But, a paraprofessional named Mason McWatters billed for the same functions on the same dates at his paraprofessional rate of $85. I can see no reason why an associate has to do what a paraprofessional can do but at nearly three times the cost. Since one does not have to go to law school to prepare a brief to be filed, I will not allow the time Limarzi charged for preparing and filing the briefs. Moreover, McWatters spent 10.6 hours preparing the briefs for filing. Surely, that is enough time to do that.

With that time subtracted, the remaining fees sought on the documents filed are $23,108.50, as shown by the following chart:

| Date | Lawyer | Time | Rate | Fee |
| --- | --- | --- | --- | --- |
| 1/29/04 | Sullivan | 1.1 | $575 | $632.50 |
| 2/11/04 | Sullivan | 0.8 | $575 | $460 |
| 1/28-1/29/04 | Todaro | 9.9 | $370 | $3,663 |
| 2/10-2/12/04 | Todaro | 4.4 | $370 | $1,628 |
| 1/27-1/28/04 | Petrilla | 14.2 | $340 | $4,828 |
| 1/27-1/29/04 | Limarzi | 24.5 | $230 | $5,635 |
| 2/6-2/12/04 | Limarzi | 20.1 | $230 | $4,623 |
| 3/22/04 | Todaro | 1.1 | $370 | $259[5] |
| 3/20/04 | Limarzi | 0.6 | $230 | $138 |
| 3/22/04 | Limarzi | 5.4 | $230 | $1,242 |

The total fees for submitting the three documents at issue, $23,108.50, do not allow for any discount to reflect that Mylan sought contempt on five grounds but prevailed on only one.

---

[5] 1.1 hours at a rate of $370 per hour is actually $407, but the court will use the figure provided as that was the amount actually charged.

<u>See</u> Order of March 10, 2004.  As to one of those grounds, I recommended that the Chief Judge permit me to hold an evidentiary hearing before I ruled on whether I would hold the Blues in contempt.  He did not accept that recommendation and declined to hold anyone in contempt.  Hence, Mylan batted .200.  Given its lack of success, a reduction of 75% of what Mylan seeks is fair.

Finally, there is the matter of the letters.  Mylan seeks $4,317 in compensation for letters that Todaro and Limarzi wrote to opposing counsel.  Two of the letters are one page long and two are two pages long.  They do not contain any detailed legal analysis.  Instead, they summarize what Mylan has and has not received and threaten consequences.  Given their content and nature, I agree that $4,317 is a bit rich.  These are letters by lawyers, not by Flannery O'Connor.  I believe that they should be compensated because they were incident to the work on the Motion to Compel but I think $750 for the four of them is fair.

Accordingly I will allow recovery for the following:

| | |
|---|---|
| Work done by McWatters ($85/hr x 10.6) | $  901.00 |
| 25% of work done after 12/23/03 ($23,108.5 ÷ 4) | $5,777.13 |
| Todaro and Limarzi letters | $  750.00 |
| TOTAL: | $7,428.13 |

The Blues shall each pay one third of that amount ($2,476.04) to Mylan within 30 days of the date of this Order.

**IT IS SO ORDERED.**

_____
John M. Facciola
United States Magistrate Judge

March 8, 2006